

Glenn B. Coleman
Direct: (212) 541-2175
Facsimile: (212) 541-1476
gbcoleman@bryancave.com

November 10, 2010

**BY ECF**

Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Steven Craig v. The Bank of New York Mellon Corporation f/k/a The Bank of New York*, No. 10-CV-04438

Dear Judge Townes:

This firm represents Defendant The Bank of New York Mellon ("BNY Mellon") in the above-captioned suit. Pursuant to Your Honor's Rule III.A., we are writing to request a pre-motion conference, as BNY Mellon intends to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c).[1]

The Complaint (Ex. "A") seeks declaratory and injunctive relief and damages arising from Plaintiff's execution of a Note and Mortgage Agreement pertaining to a residence.[2] Plaintiff alleges violations of various federal statutes as well as claims based on New York common law. For the reasons discussed briefly below, each of Plaintiff's claims is legally deficient and should be dismissed.

Plaintiff's pleading, which is virtually a carbon copy of a template available on the internet, is largely incomprehensible and contains few, if any, factual allegations relating to the specific circumstances of Plaintiff's loan and the role of BNY Mellon in connection with the loan.[3] Fed. R. Civ. P. 8(a)(2) provides that a complaint "shall contain . . . a short and plain statement of the claims showing that the pleader is entitled to relief." *See also* Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise, and direct."). The Complaint falls far short of meeting these requirements.[4]

**Bryan Cave LLP**
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

**Bryan Cave Offices**
Atlanta
Charlotte
Chicago
Dallas
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
Milan
New York
Paris
Phoenix
San Francisco
Shanghai
St. Louis
Washington, DC

**Bryan Cave International Trade**
A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS
www.bryancavetrade.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

**Bryan Cave Strategies**
A GOVERNMENT RELATIONS AND
POLITICAL AFFAIRS SUBSIDIARY
www.bryancavestrategies.com
Washington, DC
St. Louis

---

[1] A copy of BNY Mellon's Answer to the Complaint is attached as Ex. "B."

[2] Copies of the Note and Mortgage Agreement are attached as Ex. "C." BNY Mellon (f/k/a The Bank of New York) is the assignee of the Note and Mortgage Agreement, pursuant to Assignment of Mortgage (Deed of Trust), dated April 14, 2008 (Ex. "D").

[3] In response to BNY Mellon's Answer, Plaintiff improperly filed a document entitled, "Response to Defendants [sic] Motion to Dismiss" (Ex. "E") in which he purports to clarify his claims. However, that document merely reiterates the vague and conclusory allegations of the Complaint, further demonstrating that his Complaint should be dismissed.

[4] *See* Iwachi *v. General Elec. Corp.*, CV-99-3668 (LDW), 2000 U.S. Dist. LEXIS 9742, at *4 (E.D.N.Y. Feb. 22, 2000) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8 where plaintiff copied the majority of his allegations verbatim from another unrelated action), *aff'd*, 10 Fed. Appx. 37 (2d Cir. 2001).

1598665

Honorable Sandra L. Townes  
November 10, 2010  
Page 2

Bryan Cave LLP

## PLAINTIFF'S FEDERAL CLAIMS

Even if the Complaint could pass muster under Fed. R. Civ. P. 8, it still should be dismissed. Plaintiff's claims are predicated on alleged violations of TILA, HOEPA (which is part of TILA) and/or RESPA, each of which includes a one year statute of limitations with regard to Plaintiff's claims. *See* 15 U.S.C. § 1640(e); 12 U.S.C. § 2614. Plaintiff executed the Mortgage Agreement and Note on August 3, 2006, but did not commence this action until July 28, 2010, nearly four years later. Plaintiff's federal statutory claims are therefore time barred.[5]

Plaintiff's federal claims also do not state a claim for relief. For example, there is no private right of action for any alleged claims under §§ 2603 and 2604 of RESPA.[6] Further, there is no right to rescission of a residential mortgage loan under TILA. *See* 15 U.S.C. §§ 1602(w) 1635; 12 C.F.R. 226.23(f).

## PLAINTIFF'S COMMON LAW CLAIMS

Since Plaintiff's federal statutory claims are untimely and do not state a claim for relief, the Court should decline to exercise supplemental jurisdiction over Plaintiff's common law claims.[7] However, if the Court retains jurisdiction over those claims, dismissal still is warranted because the Complaint fails to state a claim for relief. The Complaint does not allege the elements of fraud,[8] let alone allege them with particularity as mandated by Fed. R. Civ. P. 9(b). Plaintiff's claim that he relied on unspecified "misrepresentations" by unspecified "Agents" does not meet these requirements.[9]

Plaintiff's claims for breach of fiduciary duty and negligence/negligence *per se* also are deficient. BNY Mellon did not and does not owe a fiduciary duty or any duty of care to Plaintiff.[10] Further, Plaintiff's

---

[5] *See Done v. HSBC Bank USA*, No. 09-CV-4878 (JFB) (ETB), 2010 U.S. Dist. LEXIS 99778, at *8-14 (E.D.N.Y. July 19, 2010), *adopted by* No. 09-CV-4878 (JFB) (ARL), 2010 U.S. Dist. LEXIS 99798 (E.D.N.Y., Sept. 23, 2010); *Johnson v. Scala*, No. 05 Civ. 5529 (LTS) (KNF), 2007 WL 2852758 at *3-5 (S.D.N.Y. Oct. 1, 2007). The Complaint is devoid of any facts that might provide a basis for tolling the relevant statutes of limitations. For example, as set forth below, Plaintiff has not made out a claim for fraudulent concealment. *See id.* at *3-4 (rejecting tolling claim where plaintiff did not aver any fraud or fraudulent concealment claim).

[6] *See Nelson v. JPMorgan Chase Bank, N.A.*, 707 F. Supp. 2d 309, 316 (E.D.N.Y. 2009).

[7] *See Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("It would . . . be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.")

[8] In fact, Plaintiff alleges in the Complaint that BNY Mellon was defrauded. *See* Ex. A, p. 21 ("Agent et al, [sic] facilitated, aided and abetted various Agents in their negligent misrepresentation, and that various Agents were negligent in not implementing procedures such as underwriting standards oversight that would have prevented various Agents from facilitating the irresponsible and wrongful misrepresentations of various Agents to Defendants.")

[9] *See Verus Pharms., Inc. v. Astrazeneca AB*, No. 09 Civ. 5660 (BSJ), 2010 WL 3238965, at *11 (S.D.N.Y. Aug. 16, 2010).

[10] *See Fab Indus., Inc. v. BNY Fin. Corp.*, 252 A.D.2d 367, 367, 675 N.Y.S.2d 77, 78 (1st Dep't 1998) ("There is no fiduciary duty . . . arising out of the contractual arm's length debtor and creditor legal relationship between a borrower and a bank"); *Mejias v. Premium Capital Funding, LLC*, No. 0102930/08 (TPA), 2009 WL 1067397 at *3 (Apr. 7, 2009 Sup. Ct. Richmond Co.) (negligence claim dismissed because no duty of care was owed by bank to borrower).

Honorable Sandra L. Townes  
November 10, 2010  
Page 3

Bryan Cave LLP

breach of fiduciary duty and negligence/negligence *per se* claims are expressly based on Plaintiff's TILA, RESPA, and HOEPA claims, each of which, as demonstrated above, is time barred.[11]

Plaintiff's cause of action for breach of implied covenant of good faith and fair dealing, also is deficient. Plaintiff has not identified any provisions of the loan agreement that were frustrated by any alleged misconduct by BNY Mellon. To the extent Plaintiff claims that BNY Mellon's initiation of foreclosure proceedings constituted such a breach, the law is clear that a defendant's enforcement of its rights under the mortgage agreement cannot constitute a breach of the implied covenant of good faith and fair dealing.[12]

Finally, Plaintiff's claim for intentional infliction of emotional distress is precluded by its one year statute of limitations and by Plaintiff's failure to allege extreme and outrageous conduct by BNY Mellon.[13]

CONCLUSION

For the foregoing reasons, BNY Mellon requests permission to file a motion to dismiss the Complaint.

Respectfully submitted,

Glenn B. Coleman

cc: Steven Craig (by email and U.S. mail (w/ encls.))

---

[11] Plaintiff's negligence/negligence *per se* cause of action is also barred by the applicable three year statute of limitations. *See Polidoro v. Chubb Corp.*, 354 F. Supp. 2d 349, 356 (S.D.N.Y. 2005).

[12] *See Associates Capital Servs. Corp. v. Fairway Private Cars, Inc.*, 590 F. Supp. 10, 16 (E.D.N.Y. 1982) ("[Defendant] does not breach its duty of good faith and fair dealing by exercising its rights under the contracts.") Plaintiff's claim that BNY Mellon did not respond in good faith to Plaintiff's "qualified written request" is contradicted by the relevant correspondence (*see* Ex. F (w/o encls)), which shows that Plaintiff did not make a "qualified written request" and that, in any event, BNY Mellon responded to Plaintiff's correspondence in good faith.

[13] *See Makowski v. United Bhd. of Carpenters & Joiners of Am.*, No. 08 Civ. 6150 (PAC), 2010 WL 3026510, at *15-16 (S.D.N.Y. Aug. 2, 2010). Although not listed in the "Causes of Action" section of the Complaint, Plaintiff alleges elsewhere in his pleading that he is the victim of a conspiracy, that BNY Mellon was unjustly enriched at his expense, that BNY Mellon violated the FTCA, 15 U.S.C. § 45, and that he is entitled to "quiet title." Each of these claims is without merit. New York does not recognize a cause of action for civil conspiracy. *See Schlotthauer v. Sanders*, 143 A.D.2d 84, 85, 531 N.Y.S.2d 334, 336 (2d Dep't 1988). Plaintiff's unjust enrichment claim is precluded by the existence of the Note and Mortgage Agreement. *See Niagara Falls Water Bd. v. City of Niagara Falls*, 64 A.D.3d 1142, 1143, 881 N.Y.S.2d 763, 765 (4th Dep't 2009). There is no private right of action under the FTCA. *See Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974). Finally, Plaintiff's claim to quiet title does not meet the requirements of New York statutory or common law in that, among other things, Plaintiff has not described his interest in the property, has not identified all possible defendants, known and unknown, and has not alleged that he has no adequate remedy at law. *See* McKinney's RPAPL § 1515; *Lichtyger v. Franchard Corp.*, 18 N.Y2d 528, 537, 277 N.Y.S.2d 377, 384 (1966).